Next case this morning is United States v. Trzaska, case number 17-4117. Counsel, would you make your appearance, please? May it please the Court, Jacob Rocheveau for the appellant Edward Trzaska. The District Court denied Mr. Trzaska's motion to expunge solely on the grounds that he failed to establish an unlawful arrest or other government misconduct. This was error for two reasons. First, a showing of government misconduct is not a necessary precondition for expungement, as the District Court assumed. It's simply one relevant factor in a balancing test the Court failed to perform. Second, Mr. Trzaska did allege that his arrest was unlawful, but the judge never gave him an opportunity to prove it. That is, rather than hold an evidentiary hearing, as it was required to do, the District Court simply relied on the fact that Mr. Trzaska's motion to suppress was never decided, and that's because the government dismissed the case rather than defended it. Counsel, I have a question in regards to the evidentiary hearing matter. In your representation of your client, did you check to see who besides himself was alive, such as what officers who were involved, who could have been produced at a hearing? This is 17, 18 years later. My question is, what good is an evidentiary hearing going to be if the only person left around to testify maybe was your client, but did you even bother to check to see who was available to testify? Your Honor, I haven't checked to see who's available to testify. I do want to note that we didn't represent Mr. Trzaska below. Well, we'll try not to shoot the messenger, then, if you're not the trial counsel below. We don't usually do that. In fact, Mr. Trzaska represented himself below and filed a pro se motion to expunge, and even his appeal, his original opening brief was— So your answer is, no, we don't know who could—if, by chance, there should be an ordered evidentiary hearing, we don't know what evidence could even be produced 18 years later, right? That's correct. We don't know. And that's perhaps one reason why we need an evidentiary hearing is to find out. Well, why is that necessary? I mean, you made a—you alluded to, as one ground for error, the failure to do a balancing test. I want to explore what the contours of that balancing test are, but it would seem to me, why wouldn't an appropriate remedy here, and why wouldn't it be a satisfactory one to just have the court do the balancing test and do whatever else is necessary, full stop? And I say that because it didn't—when I read Friesen, it didn't suggest to me that in every case there needs to be an evidentiary hearing. And district courts have considerable discretion. I can't—I would be hard-pressed to get into a situation of micromanaging how it would handle such a thing unless there's authority that says we have to do that. So my question—that's a long statement, but my question really is, wouldn't an appropriate remedy be one that really calls for a balancing and any further proceedings that were dictated by that balancing? I think I completely agree with Your Honor. I think an evidentiary hearing would only be necessary if, in fact, the government was to dispute any of the allegations. And at this point, we just don't know. The government wasn't given an opportunity to respond below, is my understanding, or at least the district court made the order without the government ever responding. And then the government hasn't disputed the allegations in response to either Mr. Terzaska's pro se opening brief or in our supplemental brief. So I think at this point, an appropriate remedy would be a remand for determination under the correct standard. And if the government disputes the allegations in Mr. Terzaska's motion, then an evidentiary hearing might be necessary. Well, but I take it you accept the notion that the burden is on Mr. Terzaska to establish, if there are any facts that need to be proved, he's got to do that, right? Yeah. I think it's fair to say that it would be Mr. Terzaska's burden under the balancing test to show that it certainly weighs in his favor. This judgment weighs in his favor. Yes. And to that point, I mean, what you add on to that is there's a narrow band of discretion the district court has in determining whether to grant expungement, right? That is true. Okay. Well, following up kind of on that, do you have any binding precedent that requires an arrest to be invalidated to be expunged? I know we've looked at freezing in these cases. A lot of those cases are where there's been a conviction or an acquittal. But this case is an arrest. And do you have any authority that says that it has to be invalidated before we can even consider expungement in this? No. And, in fact, in Friesen, this Court said, at least recognized the potential that some sort of government misconduct or unconstitutional action or an unlawful arrest is not necessary. In Friesen, this Court recognized that the defendant had simply argued, had asserted, alleged in his motion that he was suffering great harm as a result of the arrest for which he was ultimately acquitted and that it was hurting his professional opportunities. And the district court, and he was suffering from a social stigma associated with controlled substances. And the district court just assumed, without holding a hearing, without him making any kind of concrete factual allegations, that that was sufficient for expungement. This Court didn't disagree that those allegations, if true, would be insufficient for expungement. So extrapolating from that, a Fourth Amendment violation or some other harassing or government misconduct isn't a necessary precondition for expungement. What I thought I understood Judge Balzac to be asking, and perhaps you've answered it then, is it doesn't have to be a conviction. I mean, you could be seeking expungement of your arrest records, right? Right. And Friesen would provide support for that. Yes, Your Honor. I'm sorry. I think I way overthought your question. Yeah. Several of the cases that were dealt with are expunging arrests. And if it is a conviction, and I believe this Court held in Pinto that where it's a conviction, then showing that the conviction was somehow unlawful is a necessary precondition. But that's not the case for simply expunging an arrest. Don't you have to prove that your client's harm was more than just the garden variety harm that everybody that gets arrested goes through? Yes. I think that's fair to say, that he has to show that it's an unusual case. And did you feel like in any pleading below that that showing was made? I mean, did he even allege harms that would be sufficient for you to prevail? Yes, Your Honor. He did. And I think it's also important to reiterate that this was a pro se pleading, and we do liberally construe pro se pleadings. And he did allege that as a result of the arrest record still being on the books, that he had lost jobs, that he was ineligible for programming while incarcerated, that his prison classification was increased while incarcerated, that probation and parole had relied on that fact in his PSR, that he'd been targeted by police, harassed by police, and that it had destroyed his marriage. So I think that, you know, if given the opportunity to, I think these allegations on their face, that on top of the fact that his arrest, or at least the allegation that his arrest was unlawful, is certainly enough for district court to find that he has an unusual case, such that expungement is warranted. I know that your ground of error relates to the fact that the district court did not engage in any sort of balancing. One thing that occurs to me, and I'll ask the question, is would there be a situation in which the district court, just on the face of the pleading, to the point about alleging harms, let's assume the district court had found that facially it was just invalid. I mean, in other words, insufficient. I think in Pinto, perhaps, that was the case. One of the cases where essentially on its face you could see there was no basis for relief. In that situation, would a balancing even need to take place? It would seem to me that it would, and I'm not saying that's this case, but I'm saying theoretically it would seem to me you could strike it just on that basis, right? Theoretically, a district court certainly could look at the factual allegations in a motion for expungement and say, assuming all these factual allegations are true, and assuming that the government has an interest in maintaining an arrest record, just in the abstract, I find as a matter of law that this is insufficient. A district court certainly could do that and does not have to hold a statutory hearing. But I think where on its face the allegations do arise to at least potentially show that he has suffered an unusual harm or unusual circumstances as a result of an unlawful arrest and all these harms that he has specified, that it would have been unwarranted in this case to not have an evidentiary hearing. Well, I'm not suggesting this was facially invalid, but on that point, what do you do with the fact that this is 17 years, and it's 17 years after the fact? I mean, can't the district court consider that in determining whether this is facially invalid? I mean, if there was this urgency, if there was this harm that he references, wouldn't you think that he would have known about that harm before 17 years had passed? I think that the harm is aggregated over those years. Well, they did. But I mean, at a certain point, you're going to know that your conviction is impairing your life, right? Sure. And I mean, and under the notion of getting back to Judge Baldass's point, if there were going to be an evidentiary hearing, we don't even know that somebody would be available to testify. So, you know, the law sort of respects some level of limitations. And so when the first hurt comes, you know, he's sitting in his house saying, oh, well, I'm going to wait for five more, and then I'm going to seek relief. Well, you know, the law doesn't necessarily recognize that kind of thing. And so I'm not saying it knocks him out. But my point is, it seems to me that, theoretically, it could cut against the facial validity of what he's got here, even irrespective of what the valid validity, irrespective of the substance and the gravity of the harms that he alleges. Sure. I understand the Court's concern, and it's a valid one. I don't think it necessarily applies here. And, again, I do think it's important to reiterate that I think it's a lot to ask of a pro se defendant who has, you know, not necessarily a lot of education, has always had, you know, been found indigent and had been represented by public defenders throughout his life. It's a lot to ask of a pro se defendant to know that expungement is even a viable option. I think you did a pretty good job, actually. So the point I'm talking about is, I don't know whether it's a lot to ask of him to know 17 years have passed. I mean, if he wants to take action, he's got to act, right? Right. And another point that the Court made that, you know, can that go, the length of time, can that go against the facial validity of the warrant, or I'm sorry, of the motion for expungement. I think in certain circumstances it could, certainly as far as credibility determination that the district court is going to make. But here he made the exact same allegations of an unlawful arrest at the time. He filed a motion to suppress, which said that the officers had picked the lock of his house. They did not have a warrant to search his apartment, but they picked the lock to get in, and they did so solely on the basis of the consent of an ex-girlfriend who didn't live there and didn't have a key. It was a pretty egregious violation that he alleged at the time, 17 years ago. And rather than defend or try to justify the search, the government simply dismissed the case two days before the hearing. The government did, or the court just dismissed it? The government voluntarily dismissed. Well, let me ask you this. Is the remedy that you're seeking, is it an equitable relief, or is it a legal relief? Because I think the time sequence plays heavily in what Judge Holmes was just questioning, and what I asked you earlier. Is it equitable? I know you say the standard is abuse of discretion, but if it's equitable or legal, either way, time plays, to me, a very important position in the relief that you're asking for. And the basis of what you're asking for. And 18 years later down the line just seems a long time to wait to me. Yeah. I mean, I understand that it's been a long time. But is it equitable, or is it a legal relief? Your Honor, I'm not sure I'm prepared to answer your question. I don't fully appreciate the distinction between the two. Okay. So I think I could certainly file a 28-J letter addressing the issue. Before you run out of time, I have one more question I wanted to ask you. Do you think, as far as the evidentiary hearing goes in the posture of this case, where you have a very stale action that you're bringing, that Mr. Terzaska had some type of duty to alert the district court as to the availability of the witnesses he might want to call and the evidence he might want to put on? I don't think so, Your Honor, particularly because, and I keep reiterating this, that he is a pro se litigant and we do liberally construe them. As Judge Holmes recognized, he did do a pretty good job of laying out the case law and making his argument. And I think that had the government responded, and not to put any blame on them for not responding, I don't know whether the district court gave them the opportunity or not, but if the government had said maybe he has some sort of obligation like that, he could have replied, but instead the district court just denied his motion without hearing from the government, without hearing from him again, without holding an evidentiary hearing.  I see that I'm out of time. Thank you. Thank you. Good morning. May it please the Court, Elizabeth Ann Stevens, Assistant United States Attorney for the District of Utah. The district court did not abuse its discretion when it denied Mr. Terzaska's petition to expunge his January 2000 child pornography arrest. The result of this case is dictated by the standard of review. And based on the information that was presented to the district court, the decision to deny the petition was not arbitrary or capricious or manifestly unreasonable. Well, if the court committed legal error, it would be an abuse of discretion, right? That's true. And one argument for legal error is that the court did not consider the appropriate factors in making its decision. In other words, if the court had operated under the view that the only relevant thing was the propriety of the legal action that was taken against him at the time, the prosecution of him at the time, and did not consider other factors, the argument that's being made is that's legal error. And if that's legal error, then that's an abuse of discretion, right? That's correct. Okay. And why, in light of our cases, like I think it's Bromley and these other cases which talk about balancing, and he didn't hear from the government, so he doesn't know whether the government could have come in and said, I have no interest at all in these records and no interest in preserving them. It's been 17 years. Why would it not be error for the court to assume that the only thing that we need to care about is the propriety of the arrest and those other circumstances? So I think I have a couple of responses to that. In Mr. Terzaska's counsel brief, he spends some time talking about the importance of the court's response in its order that it did not consider the motion to suppress. And I think the reason the district court mentioned that in its order is because the first ground in Mr. Terzaska's petition was that the district court had granted his motion to suppress, and he said it was based on the arresting officer's lack of probable cause. And that was simply untrue. The district court had not considered the motion to suppress. The motion to suppress was based on an alleged Fourth Amendment violation stemming from a warrantless search of his residence. So to put that sort of weight on the district court's statement in the order, I think, is unfair and perhaps a misreading. The district court had to mention it because that was a main premise of Mr. Terzaska's Well, it's a pro se document, and you read that liberally. I read the document, and at the end of the document, he recites a litany of harms that he thinks are associated with this that would require expungement, does he not? That's true. Okay. And that's the second ground in the petition. And I think taking into account everything he said in the district court, and that was that it impacted his family and employment, that he was unable to participate in some programs in prison. Taking all of that as true, that does not present an unusual or extreme circumstance, which is the second thing that a court should consider when it's considering the petition to expunge. Well, why is that so? In prison, they talked about opprobrium and these other factors and alluded to the fact that if there had been a sufficient showing made in that regard, then he might have had a basis for relief. And I can't think of anything that would cause more opprobrium than child pornography, right? And that was the conviction, if I recall correctly. And so, not conviction, but that was the, what he was, what the search was based upon. So, I think that there, why isn't it the case that there are other factors at play here that were not balanced against a government interest that was never given an opportunity to be heard? So, I mean, this is not like, I think it was Lynn, in which the court said essentially all you're saying is you had an arrest and, you know, everybody gets, you know, has an arrest, has some stigma. Tough. Full stop. That's all you're alleging as being the harm. Why isn't this case more akin to Friesen, where he said, no, it's not just the arrest. Look at my circumstances, my life, and the charge that was against me and the impact of that on my life. And therefore, consider that court. Why isn't that the case? In other words, it's not the same sort of run-of-the-mill thing as you had in Lynn. I mean, post, not an advisory opinion here, but post-Lynn, I think one could argue that it would be facially invalid if all you came in and said was, I was arrested. Full stop. I don't disagree with anything that the court has said. Well, then, the inference of what I said is that if it's not facially invalid, the court had an obligation to do more than it did. Well, to be fair to the district court, Mr. Trezaska did not ask for an evidentiary hearing. And he did provide documents attached to his petition in support of his petition. So his claim in his uncounseled brief before this Court that he was waiting for an opportunity to present information is suspect, given that he did actually present information to the district court. Well, I heard counsel here say that the evidentiary hearing is not the end-all and the be-all. And that's not the – so the question is not his belief – his claim for belief is not going to stand or fall on whether he gets an evidentiary hearing. He may not get one. The point is simply, were there, as a matter of law, factors the court needed to consider that it didn't consider? Now, how it does that – you know, district courts are much more equipped to deal with that than we are, I think, would be another question. But the point is, should there have been something else looked at in making the determination? On this record, I think the district court had all that it needed to make the decision. Well, did it expressly talk about those things? And I'm not talking about a telomere. I'm saying, did it allude to these other things? As I read its order, it talks about one thing and one thing only. The court cited from Lynn and said, Although defendant was no doubt severely inconvenienced by the return of the indictment, there is nothing to indicate any harassing action as such by any governmental agency. And then the court finishes by saying, Defendant has failed to show that his case is sufficiently extreme and unusual to merit this court's exercise of equitable powers to expunge defendant's records. Now, if the court believes that that means the district court did not consider any of the factors, that's a problem. It is a problem. Well, I'm glad you acknowledge it's a problem. Just tell me what other factors are evident in that sentence. If it refers to Lynn, we know that all that was in play in Lynn was the defendant saying, You arrested me and I'm a lawyer and that hurts me. Full stop. Period. Now, and the court here refers only to Lynn and then ends his claim to relief. And so it seems to be a natural inference from that, at least one natural inference, and you can tell me one that is more natural from that, is that the only thing the court was considering was the universe that was at play in Lynn and not perhaps the universe that was in play in Friesen. That's one interpretation. And another interpretation here is that because he did not allege any unusual or extreme harm, there was no balancing to conduct. And what – and what – and is there any reference to any of the harms that he had alleged? Does the court recite them in its order? You bet. No? No, it doesn't. No. No, it doesn't specifically – the factual statement is basically a recitation from Mr. Terzaska's petition. Not entirely from his petition because at the end of his petition, he goes into a lot of the harms that are silent in the district court's order. Oh, no, that's correct. It's not a complete recitation of what he said. It just has what the background of the case is. That's right. That's right. And so – but the point is whether the court should have considered certain factors that were present in his order as a matter of law before denying relief. I mean, I take it that's at least the thrust of the argument that Mr. Terzaska is making. I hope I got that right. But – and so that's the point. I mean, the point is not whether he wins. The point is not whether he gets an evidentiary hearing, as counsel says today. The point is whether the appropriate universe of information was considered in making that determination. By the citation to Lynn, at least one inference – and, again, I'm looking for something else – but at least one inference is the court was matching him up to Lynn and saying, All this guy is claiming is that the government was engaging in regular conduct in searching his place and all that, and that's not enough, period, full stop. Would you accept – I mean, on the face of the petition, he's alleging more than that, right? I think you can take everything he said in the petition, assume it's true, and it's still not unusual or extreme. Okay. So that's why I get back to this general review. But then talk to me about Friesen and why this case isn't like Friesen when you're talking about a charge that, as I said, you'd be hard-pressed to come up with one that would cause more opprobrium than that. And in Friesen, that's exactly what he said, the fact that, and particularly because I'm a lawyer, I get this arrest and I get these circumstances and I'm done. And in this case, the allegation is, you know, with that circumstance, you know, particularly in prison, at least, you know, as we have heard, that's pretty darn problematic, isn't it? I agree with that, Your Honor. And in Friesen, though, the district court had assumed there was a stigma associated with drug convictions, and this court sent it back and said, well, there's no support for that in this case. And asked for an inquiry. Exactly. And that's the point. That's what's being asked for here is an inquiry. Right. I don't think the case law would support a ruling that said just because it's a child pornography arrest, that's enough. I think it's fair to say that's a factor for a court to consider. And perhaps that was the reason behind this court's request for additional briefing from Mr. Terzaska on whether the nature of the charge itself was an extraordinary circumstance. Let me ask you this. And that's certainly a factor. Let's assume that the way the court did it in Friesen is the right way. And that the district judge here should have or could have followed that same path in analyzing this case as outlined in Friesen. Could this court end up with a different result than the court in Friesen based on, even though there may be similar facts because of the standard of review? Do you see what I'm asking you? I think I do. Okay. If I don't have it right, please let me know. I think based upon the information that was presented to the district court, the district court could have decided either way to grant or deny the petition. And it would not have been an abuse of discretion either way. Right. And that's what I'm getting at. And I also look at this order and tell me what you think about this. And it sort of seems to me that the district court, it's fairly inferred from this order that the district court did consider a lot of these things. And maybe it didn't expressly state how it balanced them, but it can be inferred from this order that it did actually do that. And that's what I take from the last sentence of the district court's order, but it's not specific. Right. It's not specific, but that's how I would read it. I think that's a fair reading giving deference to the district court. And at that time, the only things that the district court could have considered in reaching its conclusion that the defendant has failed to show that his case is sufficiently extreme and unusual to merit the court's exercise of equitable powers is what the defendant put forward in its own pleadings. That's correct, Your Honor. Right. Okay. Thanks. If there are no additional questions, I'll submit it. Thank you very much. Thanks. Thank you, counsel. You had no time for rebuttal, and so case is submitted. Thank you, counsel, for your good arguments.